UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

J.R., a minor, by and through
his parents W.R. and N.R.,
and W.R. and N.R., individually,

        NO. CIV. S-06-2136 LKK/GGH

    Plaintiffs,

  v.                            O R D E R

SYLVAN UNION SCHOOL DISTRICT,
STATE OF CALIFORNIA DEPARTMENT
OF EDUCATION in its supervisory
capacity, the CALIFORNIA OFFICE
OF ADMINISTRATIVE HEARINGS, and
DR. JOHN HALVERSON, in his
official capacity as superintendent
for SYLVAN UNION SCHOOL DISTRICT,

    Defendants.

_____/

    Pending before the court is plaintiff's motion for a temporary restraining order and preliminary injunction. Plaintiff, J.R., a minor, brings suit under the Individuals with Disabilities in Education Improvement Act ("IDEA"), the Americans with Disabilities Act ("ADA") and related state law grounds. Plaintiff names several

defendants, including the Sylvan Union School District ("District"), the State of California Department of Education, the California Office of Administrative Hearings and Dr. John Halverson, in his official capacity as superintendent for the Sylvan Union School District.

Plaintiff is autistic and requires special education services tailored to his needs.  In June of 2006, an Administrative Law Judge found that the Individualized Education Plan ("IEP") proposed by the District was appropriate.  Plaintiff's complaint alleges that the IEP approved of by the ALJ violates the IDEA, ADA and related state laws.  Plaintiff also maintains that the ALJ failed to comply with procedural safeguards set forth in IDEA.

Plaintiff seeks to enjoin the District from implementing the decision of the ALJ.  Plaintiff seeks an order which would, in essence, reinstate the IEP that was in place prior to the ALJ's decision.  For the reasons discussed herein, the TRO is denied.

**I.**

**JURISDICTION**

This court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1367, and 20 U.S.C. § 1415.

**II.**

**BACKGROUND** [1]

**A.  Plaintiff's Education Plan Prior to June, 2006**

During the 2004-2005 and 2005-2006 school years plaintiff was

---

[1] The following facts are derived from plaintiff's pleadings and the evidence tendered by the parties.

2

enrolled in a general education kindergarten class. Plaintiff received speech and language therapy, occupational therapy, resource support services, the support of a full time one-to-one aide, and an in-home program.

An IEP meeting was convened for plaintiff on January 31, 2006. Plaintiff's parents were present, as was their attorney, Richard Ruderman and their special education advocate, Marilyn Maggio. At the meeting, it was recommended that plaintiff be transitioned from the general kindergarten class to a special day class for learning handicapped students. In the new placement, plaintiff would receive speech and language therapy, autism inclusion support, a full time one-to-one aide and occupational therapy. Plaintiff's parents disputed the change.

**B.   Events Surrounding The Due Process Hearing**

The District filed for a due process hearing before an ALJ on March 1, 2006. Plaintiff's parents aver that prior to the hearing, they had trouble finding counsel. In early June, plaintiff's parents contacted attorney Elizabeth Anderson. Ms. Anderson agreed to represent the parents at the ALJ hearing contingent on the ALJ granting a continuance of the hearing dates.

Ms. Anderson requested a continuance of the hearing. The ALJ denied Ms. Anderson's request, stating that Ms. Anderson's unavailability did not establish good cause because she was aware of the conflict when she took the case.

The hearing before the ALJ began on June 12. Plaintiff's parents did not actively participate in the hearing. Plaintiff's

1  parents maintain that throughout the hearing they repeatedly
2  asserted that they did not know what was going on and that they
3  could not represent themselves. The District, however, states that
4  the ALJ encouraged plaintiff's parents to participate in the
5  process. Plaintiff's parents declined to present any evidence of
6  their own, or make any statement.
7     On June 29, 2006, the ALJ issued an order allowing the
8  District to implement the IEP. The 18-page decision explained that
9  there was ample evidence that plaintiff was not making sufficient
10 progress in the general education class and that his needs would
11 be better met in the special education class. Among other things,
12 the ALJ found that plaintiff would receive more individualized
13 instruction and attention in the special education class.

**C.   Events Occurring After The ALJ Decision**

15    Plaintiff was scheduled to begin his new school placement in
16 early July of 2006. Not wanting plaintiff to attend the special
17 education class, plaintiff's parents kept plaintiff home from
18 school. To date, plaintiff has not returned to school.
19 Defendants, meanwhile, fully phased out the program which was in
20 place prior to June 2006.
21    Plaintiff's parents requested a copy of the transcript of the
22 ALJ hearing. Upon receiving the request, the Office of
23 Administrative Hearings and the ALJ discovered that due to an
24 unknown recording failure, most of the third day of the hearing was
25 not recorded. On August 31, 2006, the ALJ issued a four page order
26 addressing the lack of a transcript for the last day of the

hearing. The ALJ explained that neither party wanted to retry the last day of the hearing, and that plaintiff's parents did not want to cooperate with the District to create an agreed statement of the testimony. The ALJ determined that "in the absence of consent to solve the problem...the Decision of June 29, 2006 remains binding on the parties."

## IV.

## Analysis

**A.  Plaintiff Seeks Mandatory Relief**

Preliminary injunctions are not preliminary adjudications on merits, but a "device for preserving [the] status quo and preventing irreparable loss of rights before judgment." Textile Unlimited, Inc. v. A..BMH and Co., Inc., 240 F.3d 781, 786 (9th Cir. 2001).

The Ninth Circuit has explained that although "the basis for injunctive relief in the federal courts has always been irreparable injury and the inadequacy of legal remedies," Weinberger v. Romero-Barcelo, 456 U.S. 305, 312 (1982), "where a party seeks mandatory preliminary relief that goes well beyond maintaining the status quo *pendente lite*, courts should be extremely cautious about issuing a preliminary injunction." Martin v. International Olympic Committee, 740 F.2d 670, 675 (9th Cir. 1984). Thus, under the law of this Circuit, as a general rule, mandatory preliminary relief is not to be granted unless both the facts and the law clearly favor the moving party and extreme or very serious damage will result. Anderson v. United States, 612 F.2d 1112, 1115 (9th Cir.

1   1979). "[I]n doubtful cases, or where the injury complained of is
2   capable of compensation in damages" a mandatory injunction will not
3   issue. Id.; see also Sullivan By and Through Sullivan v. Vallejo
4   City Unified Sch. Dist., 731 F. Supp. 947, 954 -955 (E.D. Cal.
5   1990) (J. Karlton) (same); Miami Beach Federal Sav. and Loan Ass'n
6   v. Callander, 256 F.2d 410, 415 (5th Cir. 1958) ("[M]andatory
7   injunction of this nature, especially at the preliminary stage of
8   proceedings, should not be granted except in rare instances in
9   which the facts and law are clearly in favor of the moving party.")
10      The court's first task, therefore, is to determine whether
11  plaintiff seeks a prohibitory injunction or a mandatory injunction.
12  Stanley v. Univ. of S. California, 13 F.3d 1313, 1320 (9th Cir.
13  1994).
14      As noted, plaintiff seeks to have his former educational plan,
15  as outlined in his March 2005 IED, reinstated pending the outcome
16  of this litigation.  The March 2005 IEP was discontinued in June
17  of 2006 when the ALJ approved the January 2006 EIP.
18      To order that the March 2005 EIP be reinstated would require
19  affirmative action by the District and would require this court to
20  essentially invalidate the ALJ's ruling pending appeal.  Moreover,
21  if the court were to invalidate the ALJ's decision pending appeal,
22  the court would essentially be reaching a preliminary adjudications
23  on the merits, which is not the function of a TRO or a preliminary
24  injunction. See Textile Unlimited, 240 F.3d at 786.
25      For this reason, the court finds that plaintiff is in fact
26  seeking mandatory relief and therefore, the court must proceed with

1 extreme caution in its decision regarding the TRO and preliminary
2 injunction. As explained previously, mandatory preliminary relief
3 is not to be granted unless both the facts and the law clearly
4 favor the moving party and extreme or very serious damage will
5 result absent the relief. Anderson, 612 F.2d at 1115.

**B.   Imminent Irreparable Harm**

A plaintiff must do more than merely allege imminent harm sufficient to establish the need for a TRO. He must also demonstrate immediate threatened injury. Associated Gen. Contractors of California, Inc. v. Coalition for Economic Equity, 950 F.2d 1401, 1410 (9th Cir. 1991). Moreover, when mandatory relief is sought, plaintiff must show that "extreme or very serious damage" will result absent the TRO or preliminary injunction. See Anderson, 612 F.2d at 1115.

In the case at bar, plaintiff fails to set forth sufficient allegations to suggest that he would suffer irreparable serious damage if he was to participate in the programs outlined in the January 2006 IEP.

Plaintiff argues that missing school is causing him harm. This argument is unavailing. Plaintiff is not attending school by his parents' own choosing. Thus, any harm is self-inflicted. It is well-established that if the harm complained of is self-inflicted, it does not qualify as irreparable. See 11A Charles A. Wright, Arthur R. Miller and Mary Kay Kane, Federal Practice & Procedure, § 2948.1 pp. 152-53 (1995); see also, Caplan v. Fellheimer Eichen Braverman & Kaskey, 68 F.3d 828, 839 (3rd

1  Cir. 1995) (if the harm complained of is self-inflicted, it does
2  not qualify as irreparable for purposes of preliminary injunction
3  inquiry); <u>Salt Lake Tribune Pub. Co., LLC v. AT & T Corp.</u>, 320 F.3d
4  1081, 1106 (10th Cir. 2003) (same); <u>Fiba Leasing Co., Inc. v.</u>
5  <u>Airdyne Industries, Inc.</u>, 826 F. Supp. 38, 39 (D. Mass. 1993)
6  (same).
7       Moreover, plaintiff fails to present facts or allegations that
8  participating in the educational program outlined in the January
9  2006 IEP would cause immediate irreparable harm.
10 **C.   Likelihood of Success on the Merits**
11      Given that the court finds that there is no threat of
12 immediate irreparable harm, the court need not address plaintiff's
13 likelihood of success on the merits of his case. That said, the
14 court addresses the one claim which may have some merit.
15      Section 1415 of the IDEA sets forth a multitude of procedural
16 safeguards. One such safeguard is the provision of transcripts or
17 audio records of due process hearings. See 20 U.S.C. § 1415
18 (b)(3). As discussed previously, there is no transcript of the
19 third day of the due process hearing. The lack of a transcript is
20 troubling.
21      The Supreme Court has stated specifically that "the elaborate
22 and highly specific procedural safeguards embodied in § 1415" -
23 safeguards which include the provision of transcripts or audio
24 recordings of due process hearings - are as important to the goals
25 of the IDEA as any of the substantive standards set forth in the
26 statute. <u>Bd. of Educ. v. Rowley</u>, 458 U.S. 176, 205-06 (1982).

"Failure to comply with the procedural mandates of the IDEA 'can itself constitute the denial of a free appropriate education.'" <u>Blackman v. Dist. of Columbia</u>, 277 F. Supp. 2d 71, 79 (D.D.C. 2003).

Thus, a question in the case is whether plaintiff may succeed in claiming that his procedural due process rights were violated by not being provided with a complete transcript of the hearing. I need not reach that issue to decide the instant motion.

**D.  Conclusion**

Put directly, plaintiff fails to set forth sufficient facts which would give rise to a finding of imminent irreparable harm. This is especially true in light of the heightened standard applied to requests for mandatory injunctive relief.

Therefore, plaintiff's motion for a temporary restraining order and preliminary injunction is DENIED.

IT IS SO ORDERED.

DATED: October 10, 2006.

_____
LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT