UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

J.R., a minor, by and through
his parents W.R. and N.R.,
and W.R. and N.R., individually,

          NO. CIV. S-06-2136 LKK/GGH

    Plaintiffs,

  v.                            O R D E R

SYLVAN UNION SCHOOL DISTRICT,
STATE OF CALIFORNIA DEPARTMENT
OF EDUCATION in its supervisory
capacity, the CALIFORNIA OFFICE
OF ADMINISTRATIVE HEARINGS, and
DR. JOHN HALVERSON, in his
official capacity as superintendent
for SYLVAN UNION SCHOOL DISTRICT,

    Defendants.
_____/

    Pending before the court is plaintiff's motion for reconsideration of the court's October 11, 2006 order denying plaintiff's motion for a Temporary Restraining Order. The court decides the matter based on the papers and without oral argument.

////

**I.**

**BACKGROUND**

Plaintiff, J.R., a minor, brings suit under the Individuals with Disabilities in Education Improvement Act ("IDEA"), the Americans with Disabilities Act ("ADA") and related state law grounds. Plaintiff names several defendants, including the Sylvan Union School District ("District").

Plaintiff is autistic and requires special education. In June of 2006, an Administrative Law Judge ("ALJ") found that the Individualized Education Plan ("IEP") proposed by the District was appropriate. Plaintiff's complaint alleges that the IEP approved of by the ALJ violates the IDEA, ADA and related state laws. Plaintiff also maintains that the ALJ failed to comply with procedural safeguards set forth in the IDEA.

Plaintiff sought a Temporary Restraining Order ("TRO") to enjoin the District from implementing the decision of the ALJ. Rather than repeat the somewhat complicated facts of the case, the court incorporates by reference the facts set forth in its October 11, 2006 Order.

The court denied the motion for a TRO. <u>See</u> October 11, 2006 Order. The court determined that plaintiff was seeking mandatory relief and that therefore a heightened standard applied. In light of this standard, the court concluded that plaintiff failed to set forth sufficient allegations to suggest that he would suffer irreparable serious harm.

////

## II.

**STANDARDS FOR MOTIONS FOR RECONSIDERATION**

"Under the 'law of the case' doctrine a court is generally precluded from reconsidering an issue that has already been decided by the same court, or a higher court in the identical case." United States v. Alexander, 106 F.3d 874, 876 (9th Cir. 1997)(citing Thomas v. Bible, 983 F.2d 153, 154 (9th Cir. 1993), cert. denied, 508 U.S. 951 (1993)). Although motions to reconsider are directed to the sound discretion of the court, see Kern-Tulare Water Dist. v. City of Bakersfield, 634 F.Supp. 656, 665 (E.D. Cal. 1986), aff'd in part and rev'd in part on other grounds, 824 F.2d 514 (9th Cir. 1987), cert. denied, 486 U.S. 1015 (1988), considerations of judicial economy weigh heavily in the process. Thus, Local Rule 78-230(k) requires that a party seeking reconsideration of a district court's order must brief the "new or different facts or circumstances...which... were not shown upon such prior motion, or what other grounds exist for the motion." Generally speaking, before reconsideration may be granted there must be a change in the controlling law or facts, the need to correct a clear error, or the need to prevent manifest injustice. See Alexander, 106 F.3d at 876.

Motions to reconsider are not vehicles permitting the unsuccessful party to "rehash" arguments previously presented. See Costello v. United States Government, 765 F.Supp. 1003, 1009 (C.D. Cal. 1991). Nor is a motion to reconsider justified on the basis of new evidence available prior to the court's ruling. See Fay Corp. v. BAT Holdings One, Inc., 651 F. Supp. 307, 309 (W.D.

3

Wash.1987), aff'd, 896 F.2d 1227 (9th Cir. 1990).  Finally, "after thoughts" or "shifting of ground" do not constitute an appropriate basis for reconsideration.  See id.  These relatively restrictive standards "reflect [ ] district courts' concern for preserving dwindling resources and promoting judicial efficiency." Costello, 765 F. Supp. at 1009.

### III.

### ANALYSIS

Plaintiff argues that the court committed clear error when it characterized plaintiff's motion for a TRO as a motion for mandatory relief.  Rather, the court should have viewed plaintiff's motion as a request for a "stay put" injunction pursuant to the IDEA.[1]  See Pl.'s Mot. for Recon. at 2 & 8.  Plaintiff also argues that a recent Eleventh Circuit case sets forth the proper procedural requirements for a stay put order.

The court denies plaintiff's motion on a very straight forward basis:  Plaintiff's argument that the court should have entered a "stay put" order is being raised for the first time in his motion for reconsideration.  Plaintiff's motion for a TRO was not a request for a stay put order pursuant to the IDEA.  In fact, it was just the opposite.  Plaintiff's initial motion for a TRO specifically stated that a "stay put [order] is not available here

---

[1] The "stay-put provision" in the IDEA states: "[D]uring the pendency of any proceeding conducted pursuant to this section, unless the State or local agency and the parents otherwise agree, the child shall remain in the then-current educational placement of such child." 20 U.S.C. § 1415(j).

4

to protect Plaintiff." Pl.'s Mot. for TRO at 18. In plaintiff's motion for a TRO, he explained:

> Neither the IDEIA nor any other law does provides for such a mechanism during an appeal of the administrative hearing decision. Here, due to the absence of any legal remedy, Plaintiff seeks the equivalent of a "stay put" order maintaining his placement in a general education classroom with ABA/DTT services, as provided for in the last agreed upon IEP while he appeals the decision of the administrative law judge.

Pl.'s Mot. for TRO at 14. Put directly, plaintiff specifically stated that he was not seeking a stay put order (because it was not applicable to him) and that therefore, he needed the protection of a TRO. Now, in his motion for reconsideration, plaintiff asserts for the first time that, in fact, he was seeking a stay put order and that the court erred in failing to apply the standards for a stay put order.

It is well established that a district court may "decline to consider an issue raised for the first time in a motion for reconsideration." Novato Fire Protection Dist. v. United States, 181 F.3d 1135, 1142 n. 6 (9th Cir. 1999). See also Rosenfeld v. United States Dept. of Justice, 57 F.3d 803, 811 (9th Cir. 1995) (district court did not abuse its discretion in declining to consider argument raised for first time on reconsideration without a good excuse).

In the pending motion for reconsideration, plaintiff is attempting to advance a legal theory that was not advanced in his initial motion for a TRO. Plaintiff's motion for a TRO advanced the theory that the stay put provision did not apply to him and

5

that therefore, the "extraordinary relief" of a TRO was "necessary as Plaintiff has no where else to turn." Pl.'s Req. for TRO at 14. Plaintiff now argues that the stay put provision does in fact apply to him and that the court erred in failing to analyze the motion for a TRO as a request for a stay put order.

New and shifting legal theories are not grounds for granting a motion for reconsideration. See, e.g., Zimmerman v. City of Oakland, 255 F.3d 734, 740 (9th Cir. 2001) (district court did not abuse its discretion in disregarding legal arguments made for first time on a motion to amend). Plaintiff may not, therefore, use a motion for reconsideration as a vehicle to advance his new legal theory that the stay put provision applies to him.

Plaintiff also argues that the court was in error when it concluded that plaintiff sought mandatory relief. This argument is equally unavailing. At oral argument, the court specifically asked plaintiff's counsel whether the relief sought constituted mandatory relief. After some discussion, plaintiff's counsel answered in the affirmative. See Hearing Transcript at 3:7-9. Indeed, at no point during oral argument did plaintiff's counsel advance the theory that plaintiff was in fact seeking a stay put order and that therefore a separate standard applied.

Finally, plaintiff avers that a recent Eleventh Circuit case, CP v. Leon County School Bd. Florida, 466 F.3d 1318 (11th Cir. 2006), constitutes a "change in law." The court need not remind plaintiff that motions for reconsideration may be granted when there is a change in controlling law. See Alexander, 106 F.3d at

6

876 (emphasis added).  Here, the Eleventh Circuit case is not controlling.  More importantly, the case offers no new insight into the issues raised in plaintiff's motion for a TRO.  The Eleventh Circuit case focuses exclusively on the procedural requirements for a stay put order.  As previously discussed, plaintiff may not use a motion for reconsideration to advance his new legal theory that he is, in fact, entitled to a stay put order.  Given that the court is not allowing plaintiff to advance this new legal theory, the Eleventh Circuit case is not relevant.

For the reasons set forth above, plaintiff's motion for reconsideration is DENIED.  The hearing set for December 1, 2006 is hereby VACATED.

IT IS SO ORDERED.

DATED: November 27, 2006.

/s/ Lawrence K. Karlton
LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT

7