UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

J.R., a minor, by and through
his parents W.R. and N.R.,
and W.R. and N.R., individually,

                NO. CIV. S-06-2136 LKK/GGH

    Plaintiffs,

  v.                              O R D E R

SYLVAN UNION SCHOOL DISTRICT,
STATE OF CALIFORNIA DEPARTMENT
OF EDUCATION in its supervisory
capacity, the CALIFORNIA OFFICE
OF ADMINISTRATIVE HEARINGS, and
DR. JOHN HALVERSON, in his
official capacity as superintendent
for SYLVAN UNION SCHOOL DISTRICT,

    Defendants.
_____/

    Pending before the court is a motion to withdraw filed by counsel for plaintiffs. The court decides the matter based on the papers and after oral argument.

    Local Rule 83-182(d) provides that:

    An attorney who has appeared may not withdraw leaving the

  client in propria persona without leave of Court upon noticed motion and written notice to the client and all other parties who have appeared...Withdrawal as attorney is governed by the Rules of Professional Conduct of the State Bar of California, and the attorney shall conform to the requirements of those Rules. The authority and duty of the attorney of record shall continue until relieved by order of the Court issued hereunder. Leave to withdraw may be granted subject to such appropriate conditions as the Court deems fit.

Local Rule 83-182(d). The Rules of Professional Conduct of the State Bar of California state that:

  (C) Permissive Withdrawal.

  ...a member may not request permission to withdraw in matters pending before a tribunal, and may not withdraw in other matters, unless such request or such withdrawal is because:

  (5) The client knowingly and freely assents to termination of the employment

Rules of Professional Conduct of the State Bar of California, Rule 3-700(C)(5).

Counsel asserts that on December 6, 2006, plaintiffs wrote to counsel and explained that they wished to terminate their contact with counsel's law firm. Counsel informed plaintiffs that she was filing a motion to withdraw as counsel and provided plaintiffs with a copy of said motion. Counsel told plaintiffs that they should obtain new counsel and inform her of the name and contact information of new counsel as soon as possible. At oral argument, plaintiffs informed the court that they were in the process of seeking new counsel.

Accordingly, the court orders as follows:

1. The motion to withdraw as counsel for plaintiffs is GRANTED.

1  2.  Plaintiffs shall inform the court in writing within thirty (30) days of the date of this order of the name of their new attorney or of their intent to proceed <u>pro per</u>.

3.  Counsel is directed to release all client papers and property to clients within fifteen (15) days of the date of this order, including correspondence, pleadings, deposition transcripts, exhibits, physical evidence, expert reports, and other items reasonably necessary to the clients' representation, whether the clients have paid for them or not, in accordance with Rule 3-700(D) of the California Rules of Professional Conduct.

4.  A status conference is currently SET for April 9, 2007 at 1:30 p.m. in Courtroom 4.

5.  The hearing on the pending motions to dismiss, currently set for March 12, 2007 is hereby VACATED. A new hearing date will be set at the status conference on April 9, 2007.

6.  Counsel is directed to serve a copy of this order on plaintiffs.

IT IS SO ORDERED.

DATED: February 6, 2007.

_____
LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT