IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

J.R., a minor, by and through
his parents W.R. and N.R.,
and W.R. and N.R., individually,

    Plaintiffs,

vs.

SYLVAN UNION SCHOOL DISTRICT,
STATE OF CALIFORNIA DEPARTMENT
OF EDUCATION in its supervisory
capacity, the CALIFORNIA OFFICE
OF ADMINISTRATIVE HEARINGS, and
DR. JOHN HALVERSON, in his
official capacity as superintendent
for SYLVAN UNION SCHOOL DISTRICT,

    Defendants.

No. CIV S-06-2136 LKK GGH PS

ORDER

On March 10, 2008, the magistrate judge filed findings and recommendations herein which were served on the parties and which contained notice that any objections to the findings and recommendations were to be filed within ten days.  Re-service of the findings and recommendations was made by mail upon plaintiffs on March 24, 2008.  Defendant California Office of Administrative Hearings filed objections on March 20, 2008, and Defendant Sylvan Union School District filed objections on March 24, 2008.  The objections were considered by the district judge pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b).

1    Sylvan Union School District objects to the magistrate judge's recommendation
2 that this case be remanded to the administrative law judge to rehear the third day of hearing,
3 based on the lack of a complete transcript for that day, and issue a new hearing decision.  The
4 District argues that the witnesses whose testimony is missing should be permitted to prepare and
5 submit declarations outlining their previous testimony, without requiring new testimony and the
6 issuance of a new administrative decision.
7    A verbatim record of the due process hearing is an explicit procedural safeguard
8 accorded to parents by the Individuals with Individuals with Disabilities Education Improvement
9 Act ( "IDEIA" or "Act"), see 20 U.S.C. § 1415(h)(3) (parties have "the right to a written, or, at
10 the option of the parents, electronic verbatim record of such hearing"), and Calif. Educ. Code §
11 56505(e)(4) (same), and is an essential record for this court's review, see 20 U.S.C. §
12 1415(i)(2)(C)(I) ("the court shall receive the records of the administrative proceedings").  The
13 magistrate judge reasonably concluded that the missing testimony was so significant – including
14 the testimony of two of the District's four "expert" witnesses, one of whom the District
15 designated its "key material witness" – that it would be prejudicial to plaintiffs for this court to
16 assess the current administrative decision based on these  witnesses' prepared statements.  The
17 magistrate judge also reasonably rejected the option of taking supplemental testimony before this
18 court as it would result in a de novo hearing and decision.  As the magistrate judge properly
19 concluded, "to maintain this court's limited review role – assessing whether the administrative
20 decision is supported by the preponderance of evidence (20 U.S.C. § 1415(i)(2)(C)(iii)) – it is
21 necessary to require that which the ALJ originally offered [to the parties], i.e., to remand this
22 case to the administrative law judge with directions to retry the third day of hearing and issue a
23 new decision."  Findings and Recommendations, at pp. 38-39 (fn. and citations omitted).  This
24 court finds no error in the magistrate judge's recommendation.
25    Sylvan Union School District also objects to the magistrate judge's
26 recommendation that, on remand, plaintiffs be accorded an opportunity to present witnesses and

evidence on their son's behalf.  The District argues that this opportunity grants plaintiffs a de facto continuance of the administrative hearing, despite the administrative law judge's denial of plaintiffs' requests for continuance (found reasonable by the magistrate judge),[1] and ignores plaintiff's express waiver of their right to call witnesses and present evidence.  The first argument is untenable as its general application would preclude remand of any case for further administrative hearing if a request for continuance had been administratively denied.

The second argument ignores the following facts:  In her written order denying the second request of plaintiff's counsel for continuance, the ALJ expressly authorized plaintiffs to submit their own evidence and witnesses at a continued hearing date set for July 10, 2006, provided they disclosed these matters at the commencement of the due process hearing on June 12, 2006.  Administrative Record ("AR") at 633-634 (Decision in full at AR 627-630, as amended, AR 631-634).  At the commencement of the hearing, plaintiffs failed to submit their evidence and witness list, and the ALJ *deferred this matter to the third day of hearing*.  Transcript ("TR") (Vol. 1), at 3, 21-28; TR (Vol.II) at 5.  The ALJ's subsequent decision explains that there would be no continued hearing date because, "Although both June 15, and July 10, 2006, were made available to Parents to present evidence for the ALJ's consideration, Parents declined both dates, and stated that they believed they could not retain counsel by July 10, 2006."  Admin. Decision, at p. 4.  However, *the relevant testimony was not recorded*.  The court is therefore unable to evaluate the circumstances and considerations leading to plaintiffs' "waiver."  Moreover, because the third day of hearing must be heard for other reasons, it is in J.R.'s best interests that his parents be given another opportunity to present their evidence.

The District's procedural challenges ignore the underlying goal of the IDEIA that,

---

[1] While noting that the matter is likely outside the court's jurisdiction based on plaintiffs' failure to seek interlocutory review, see Cal. Gov. Code § 11524 (c), the magistrate judge considered the merits of plaintiffs' arguments and found that the ALJ did not err in concluding that plaintiffs had failed to demonstrate good cause for the continuances requested by their former counsel on May 30, 2006, and June 8, 2006, id., §11524(a)§, Cal. Educ. Code § 56505(f)(3).  Findings and Recommendations, at pp. 25-32.

in this case, J.R. be accorded the educational setting and support services that best meet his individual needs, and that his parents be given every reasonable opportunity to present their perspective and evidence.

The Office of Administrative Hearings does not object to conducting a supplemental hearing or issuing a new decision, but seeks clarification of the magistrate judge's recommendation that plaintiffs be accorded the opportunity to present witnesses and evidence "without enlargement of time." This qualification denies plaintiffs the option of seeking further continuance for the purpose of preparing their case after a date for retrying the third day of hearing has been set. The administrative law judge is not limited to any period of time within which to retry the third day of hearing. Given the passage of time, obtaining the testimony of the District's witnesses, coupled with the possibility that plaintiffs may present their own evidence and witnesses, may well extend the hearing into a fourth day or beyond, at the discretion of the administrative law judge.

Accordingly, for the foregoing reasons IT IS ORDERED that:

1. The Findings and Recommendations filed March 10, 2008, are ADOPTED; and

2. The motion to dismiss filed November 30, 2006, and renoticed June 22, 2007, by Sylvan Union School District and Superintendent Dr. John Halverson (Docket Nos. 45 and 76), is GRANTED IN PART AND DENIED IN PART;

3. The motion to dismiss filed November 30, 2006, by the California Department of Education (Docket No. 44) is GRANTED;

4. The motion to dismiss filed December 1, 2006, by the California Office of Administrative Hearings (Docket No. 47) is GRANTED;

5. The following parties and claims are DISMISSED from this action:

   (a) Dr. John Halverson, Superintendent of the Sylvan Union School District;

   (b) The California Department of Education;

(c) The Office of Administrative Hearings;

(d) Counts IV, V, and VI, which allege claims pursuant to the Americans with Disabilities Act, the Rehabilitation Act and the Unruh Civil Rights Act;

(e) Count II, which alleges systemic procedural violations by the California Department of Education and Office of Administrative Hearings;

(f) Count VII, which seeks declaratory relief against the California Department of Education and Office of Administrative Hearings; and

(g) Plaintiffs' general damages claim;

6. All defendants' motions to dismiss are GRANTED IN PART AND DENIED IN PART with respect to plaintiffs' Count I; this case is REMANDED to the administrative law judge to retry the third day of hearing (i.e., to obtain the testimony of Dr. Bonnie Santos, Mr. Donovan Chapa, and Mr. James Merchant), and to provide plaintiffs the opportunity (without further enlargement of time) to present any witnesses or evidence on their son's behalf; the ALJ shall issue a new decision; and

7. The Clerk of Court is directed to close this case.

DATED: June 4, 2008.

_____
LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT